

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 29, 1939

Mr. J. L. Crosthwait
County Auditor
Dallas, Texas

Dear Sir:

Opinion No. O-412
Re: What disposition is to be made of
fees other than those provided
for by Article 3912e, Section 1,
in counties on a salary basis?

Your request for an opinion on the above stat-
ed question has been received by this office.

We quote from your letter as follows:

"The question has arisen in Dallas County
among the various officials who were hereto-
fore compensated on a fee basis but are now
compensated on a salary basis, as provided by
Article 3912-E, Revised Civil Statutes, as to
whether or not said officials are entitled to
receive from the County certain fees which
would have been earned if they were compensated
on a fee basis - such as fees in criminal
cases formerly paid by the State, fees in mis-
demeanor cases formerly paid by the County to
Precinct Officers, and other fees which would
be earned by them prior to the enactment of
the salary law. Of course such fees would be
credited on their books and returned to the
officers' salary fund.
. . . . . . . .
"All District, County and Precinct Offi-
cers in Dallas County are now compensated on
a salary basis."

Article 3912e-1, Revised Civil Statutes, pro-
vides for the salaries and sets out the amount of such

salaries of certain designated district, county and precinct officers in counties having the population of 300,000 inhabitants or more and less than 355,000 inhabitants, according to the last preceding Federal census. We are informed by the Comptroller's office that Dallas County has a population of 325,691 inhabitants, according to the last preceding Federal census. Therefore, Dallas County comes within the population bracket set forth in Article 3912e-1, supra.

The abovementioned statute further provides that such officers shall receive such salaries in lieu of any and all compensation now provided by law and that all such salaries enumerated in this subsection shall be paid out of the general funds of such counties.

Sections 1 and 5 of Article 3912e, Revised Civil Statutes, read as follows:

"Sec. 1. No district officer shall be paid by the State of Texas any fees or commission for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty-thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for, all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such monies received by him into the fund or funds created and provided for under the provisions of this Act; provided further, that the provisions of this Section shall not affect the payment of costs in civil cases by the State, but all such costs so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act, to account for fees, commissions and costs collected from private parties."

"Sec. 5. It shall be the duty of all

officers to charge and collect in the man-
ner authorized by law all fees and com-
missions which are permitted by law to be
assessed and collected for all official ser-
vice performed by them. As and when such
fees are collected they shall be deposited
in the Officers' Salary Fund, or funds pro-
vided in this Act. In event the Commission-
ers' Court finds that the failure to collect
any fee or commission was due to neglect on
the part of the officer charged with the
responsibility of collecting same, the amount
of such fee or commission shall be deducted
from the salary of such officer. Before any
such deduction is made, the Commissioners'
Court shall furnish such officer with an
itemized statement of the uncollected fees
with which his account is to be charged, and
shall notify such officer of the time and
place for a hearing on same, to determine.
whether such officer was guilty of negligence,
which time for hearing shall be at least ten
days subsequent to the date of notice. Un-
less an officer is charged by law with the
responsibility of collecting fees, the Com-
missioners' Court shall not in any event
make any deductions from the authorized salary
of such officer."

Section 3, Article 3912e, supra, by its terms
specifically provides that no district officer shall be
paid by the State of Texas any fees or commissions for
any services performed by him nor shall the State of
any county pay to any county officer in any county con-
taining a population of 20,000 inhabitants or more, ac-
cording to the last preceding Federal census, any fee
or commission for any service by him performed as such
officer.

Section 5 of this statute provides that it shall
be the duty of all officers to charge and collect in
the manner authorized by law all fees and commissions
which are permitted by law to be assessed and collected
for all official services performed by them and that

such fees, if and when collected, shall be deposited in the Officers' Salary Fund or funds provided in this act.

In view of the foregoing statutes you are respectfully advised that it is the opinion of this Department that no fee or commission can be legally paid to any official who receives a salary in lieu of any and all compensation no provided for by law but that all fees and commissions which such officers are authorized under law to collect shall be paid into the Officers' Salary Fund or funds hereafter pfovided for.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED:


FIRST ASSISTANT ATTORNEY GENERAL